# EXHIBIT 11

# Icelandic Yogurt is Not Made in Iceland, Class Action Lawsuit Asserts

By Christina Davis
January 26, 2021

FOLLOW ARTICLE

f 42   2   3

TOP INVESTIGATIONS

Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex

(nomeki76/DepositPhotos.com)

A brand of Icelandic yogurt, called Skyr, is tricking consumers into thinking it was made in Iceland, according to a class action lawsuit accusing the manufacturer of false advertising.

The labeling of Icelandic Provisions, Inc.'s Traditional Icelandic Skyr brand yogurt allegedly implies that the product was made in the tiny island country. Lead plaintiffs, Kayla Mantini and Michele Trezza, claim that the misleading marketing allows the company to drive up prices for a yogurt that is actually made in upstate New York.

Skyr is a slightly sour dairy product originally developed in Iceland. It's unique among cultured dairy products because it traditionally requires much more milk to make and allegedly contains unique probiotics because of the Icelandic cows used to produce the milk for skyr. Both consumers say they purchased Icelandic Provision's skyr because they thought the item was made in Iceland.

The complaint contends that the misleading representations on the Icelandic yogurt appeal to consumers who want to buy items made where they were developed.

"Consumers are willing to pay a price premium 'for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place,' often where the product originated," contends the class action lawsuit pointing to Scotch whisky from Scotland or maple syrup from Vermont.

The product sold by Icelandic Provisions is labeled with several other messages that allegedly mislead consumers into thinking it is made in Iceland. The side of the yogurt cup touts a partnership with "Iceland's oldest farmer-owned dairy" and the use of "Icelandic Heirloom Skyr Cultures" to make the product.

In addition, the manufacturing and distribution information on the back of the package misleadingly presents information that further highlights the company's partnership with an Icelandic dairy farm.

The class action lawsuit seeks to represent New York and Pennsylvania consumers who purchased Icelandic Provision's skyr products.

*Have you purchased this type of yogurt? Are you surprised to learn it was not made in Iceland? Tell us about your experience in the comment section below!*

The lead plaintiffs are represented by Spencer Sheehan of Sheehan & Associates and Michael R. Reese of Reese LLP.

The **Icelandic Yogurt False Advertising Class Action Lawsuit** is *Mantini, et al. v. Icelandic Provisions Inc.*, Case No. 7:21-cv-00618, in the U.S. District Court Southern District of New York.

### SPONSORED SETTLEMENTS



Roundup® Weed & Grass Killer Product Label Class Action Settlement



Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

### TOP NEWS



PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit



Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations



MedMen Workers Reach Nearly $1M Class Action Settlement



P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit



Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads



Roundup® Weed & Grass Killer Product Label Class Action



Trafficking Lawsuit—Joining the Fight

AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'

Irwin Industries Settles Workers' Class Action Lawsuit for $400K




### Don't Miss Out!

Check out our list of Class Action Lawsuits and Class Action Settlements you may qualify to join!

Read About More Class Action Lawsuits & Class Action Settlements:

- Labeling on Some Chobani Yogurt Is Misleading, Says Consumer Class Action Lawsuit
- Tillamook Class Action Says Yogurt Contains No Vanilla
- Do You Qualify: Monsanto Roundup Weed Killer Cancer Lawsuit Investigation
- Baby Powder Cancer Class Action Lawsuit

We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email

Email

Country

United States

SUBSCRIBE NOW


# Snapple Looking to Squeeze Out of 'Sorta Sweet' Tea Class Action Lawsuit

By Christina Davis
January 19, 2021

FOLLOW ARTICLE   f 13   ▼ 7   ✉ 8   •••

**TOP INVESTIGATIONS**


Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation

Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit

Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit

Do You Qualify: Human Sex Trafficking Lawsuit—Joining the Fight


(Hannamariah/DepositPhotos.com)

Snapple Beverage Corp. is arguing that it should not have to face a class action lawsuit alleging it falsely advertises its Snapple Sorta Sweet drinks as containing less sugar in violation of FDA regulations.

Lead plaintiff, Robbin Sommer, claimed that she and other consumers reasonably assumed that Snapple's Sorta Sweet drinks in their Straight Up Tea line would be a low sugar product. However, the beverages contain 22 grams of sugar, or 43% of a person's recommended daily intake, according to the class action lawsuit.

Sommers accused Snapple of deceiving health-conscious consumers into thinking they were purchasing a low sugar product with the "Sorta Sweet" label. The plaintiff pointed to evidence that consumers would be duped by such labeling and would buy the product despite research showing that excessive sugar consumption can lead to a

**SPONSORED SETTLEMENTS**

 Roundup® Weed & Grass Killer Product Label Class Action Settlement

 Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

**TOP NEWS**

 PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit

 Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations

 MedMen Workers Reach Nearly $1M Class Action Settlement

 P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit

 Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

whole host of health issues, including diabetes.

## Snapple Sorta Sweet Mere 'Puffery'



(BrianAJackson/DepositPhotos.com)

The beverage maker shot back, with a motion **urging a federal judge to toss** the class action lawsuit in whole. According to Snapple, any consumer confused by the product's label would likely look at the nutrition panel on the bottle, Law360 reported.

"No reasonable consumer goes through the mental gymnastics of redefining the puffery of 'Sorta Sweet' to mean 'low in sugar' while simultaneously ignoring the portions of the label that undo that implausible interpretation," contended Snapple's motion to dismiss.

Snapple also points out that its Sorta Sweet variety needs to be taken in context with the Straight Up line's Sweet and Unsweetened beverages. Snapple Sweet Straight Up teas contain 45 grams of sugar, while the unsweetened version has no sugar, notes the motion.

"Each of these perspectives dispels any plausible allegation that reasonable consumers are misled," asserts Snapple's plea to the court. "And no reasonable consumer would rely on 'Sorta Sweet' to indicate the sugar content of the tea."

Snapple also offers an alternative in its motion to dismiss, arguing that the **plaintiff cannot rely on injunctive relief.**

"[The plaintiff] faces no risk of future harm—she cannot be (unreasonably) deceived by the words 'Sorta Sweet' again, now that she knows the tea's sugar content and can verify it anytime by looking at its Nutrition Facts panel," states the **motion.**

Roundup® Weed & Grass Killer Product Label Class Action Settlement



AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'



Irwin Industries Settles Workers' Class Action Lawsuit for $400K



*Have you purchased Snapple Sorta Sweet Tea products? Are you surprised by the amount of sugar in the drink? Tell us what you think in the comment section below!*

Lead plaintiff, Robbin Sommer is represented by Michael R. Reese and George V. Grenade of Reese LLP and Spencer Sheehan of Sheehan & Associates PC.

The **Snapple "Sorta Sweet" False Ad Class Action Lawsuit** is *Sommer v. Snapple Beverage Corp.*, Case No. 4:20-cv-04181, in the U.S. District Court for the Northern District of California.

## Don't Miss Out!

**Check out our list of Class Action Lawsuits and Class Action Settlements** you may qualify to join!

Read About More Class Action Lawsuits & Class Action Settlements:

- Straight Up Tea Class Action Says 'Sorta Sweet' Claims Misleading
- Dr. Pepper Wants Class Cert. Denied in Canada Dry Ginger Ale Lawsuit
- Labeling on Some Chobani Yogurt Is Misleading, Says Consumer Class Action Lawsuit
- Oregon Chai Tea Latte Falsely Advertised as 'Less Sweet,' Class Action Lawsuit Says



# King's Hawaiian Rolls Not Made in Hawaii, Class Action Lawsuit Claims

FOLLOW ARTICLE

f 7.3k    44    161    ...

By Brian White
December 28, 2020

**TOP INVESTIGATIONS**

Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex Trafficking Lawsuit—Joining the



A new battle in the legal war over product authenticity involves the makers of King's Hawaiian rolls, who have been hit with a class action lawsuit claiming fraudulent marketing misleads shoppers by hiding where the product is really made.

Yonkers, New York, resident Robert Galinsky, the named plaintiff in the complaint, bought a pack of King's Hawaiian rolls from his local Stop and Shop this month and realized there was conflicting information on the labels.

"Hilo, Hawaii," can be seen on the package's front and center, according to Galinsky, giving an impression the King's Hawaiian rolls are made on the island. Instead, in a smaller font on the back, a consumer will find the rolls are actually made in Torrance, California.

## SPONSORED SETTLEMENTS

  Roundup® Weed & Grass Killer Product Label Class Action Settlement

 Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

## TOP NEWS

 PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit

 Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations

 MedMen Workers Reach Nearly $1M Class Action Settlement

 P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit

 Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

Roundup® Weed & Grass Killer Product Label Class Action Settlement



Galinsky says in the class action lawsuit King's Hawaiian "essentially invented this category of food" and points to legal action the company has taken against brands using its trademarked design, emphasizing orange colors and the term "Hawaiian rolls.'"

The complaint specifically lists four lawsuits King's Hawaiian Holding Co. has filed against its competitors, including two against grocery retail chain Aldi.

Galinsky says today's consumer tastes have come to recognize there are lots of options on the market and want genuine products.

"For many consumers, 'authenticity has overtaken quality as the prevailing purchasing criterion,'" Galinsky's class action lawsuit says.

Galinsky admits in the complaint an average shopper likely knows King's Hawaiian is the name of the company.



"Reasonable consumers understand that the term 'Hawaiian Rolls' by itself, does not denote a roll made in Hawaii any more than a 'Moon Pie' can claim to have been baked on the moon," he says.

However, Galinsky points out in the class action lawsuit, "Hilo, Hawaii," is prominently shown on the front of the package of King's Hawaiian rolls, "causing consumers to believe the Product is made in Hawaii."

King's Hawaiian's "fraudulent intent is evinced by its failure to accurately identify the Product's immediate place of origin — where it's made — as opposed to where the company is originally from — when it knew doing so would mislead consumers," Galinsky says.

King's Hawaiian isn't the only company facing legal action over a label with Hawaiian representations.

AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'

Irwin Industries Settles Workers' Class Action Lawsuit for $400K




The makers of **Hawaiian Host candies** are in court over alleged misleading claims on their boxes of chocolates. Plaintiffs filed the class action lawsuit in November.

The authenticity claims extend to the adult beverage market, too.

A similar class action lawsuit was filed the same month against **Heineken's Tecate beer**, with claims the beer isn't a Mexican import, despite marketing promises.

Formally, the King's Hawaiian rolls class action lawsuit accuses the product maker of violating New York's General Business Law and of negligent misrepresentation, fraud and unjust enrichment.

Galinsky is seeking to form a Class of New York state residents who've purchased packs of King's Hawaiian rolls within the applicable statute of limitations.

*Have you purchased packs of King's Hawaiian rolls with the expectation they were made in Hawaii? Let us know why or why not in the comments below.*

Counsel representing the plaintiffs in this class action lawsuit are Spencer Sheehan of Sheehan & Associates PC and Michael R. Reese of Reese LLP.

The **King's Hawaiian Rolls Class Action Lawsuit** is *Robert Galinsky, et. al v. King's Hawaiian LLC*, Case No. 7:20-cv-10931-KMK, in the U.S. District Court for the Southern District of New York.

**Don't Miss Out!**

**Check out our list of Class Action Lawsuits and Class Action Settlements you may qualify to join!**

Read About More Class Action Lawsuits & Class Action Settlements:

- Bigelow Class Action Lawsuit Calls 'Made In America' Ad False
- Williams Sonoma Lawsuit Sheds Light on False 'Made in USA' Advertising Claims
- Sex Trafficking Survivor Appointed to U.S. Advisory Council on Human Trafficking
- Why Are Hospital Workers Filing Ecolab Lawsuits?



We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email*

Email

Country*

United States

SUBSCRIBE NOW

# Pantene Pro-V Products Shouldn't Be Labeled as 'Natural' Claims Class Action Lawsuit

## TOP INVESTIGATIONS

Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex Trafficking Lawsuit—Joining the Fight


By Brigette Honaker
November 24, 2020

FOLLOW ARTICLE






Pantene Pro-V products are misrepresented as "natural," according to a recent class action lawsuit against **Procter & Gamble**.

Plaintiff Sean McGinity says that he purchased Pantene Pro-V Nature Fusion shampoo and conditioner products in June 2019 based on representations that the products were from "nature." Based on this understanding, McGinity was allegedly willing to pay a higher price for the products.

However, the products are reportedly not worth the premium price point because they contain "nonnatural and synthetic ingredients, harsh and potentially harmful ingredients, and are substantially unnatural."

Pantene Pro-V Nature Fusion products reportedly contain numerous synthetic ingredients such as synthetic fragrance, dyes, surfactants, and preservatives. Some of the ingredients, including the synthetic dyes, are reportedly produced from unnatural sources such as petroleum or coal tar. Based on these ingredients, McGinity argues that the personal care products cannot and should not be marketed as natural.

## SPONSORED SETTLEMENTS

 Roundup® Weed & Grass Killer Product Label Class Action Settlement

 Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

## TOP NEWS

 PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit

 Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations

 MedMen Workers Reach Nearly $1M Class Action Settlement

 P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit

 Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

 Roundup® Weed & Grass Killer Product Label Class Action Settlement

In fact, the Natural Products Association reportedly refuses to certify products as "natural" if they contain any of the following ingredients: cocamide MEA, behentrimonium methosulfate, cocamidopropyl betaine, dimethicone or dimethiconol, disodium EDTA, methylisothiazolinone, or sodium laureth sulfate. All of these unnatural ingredients are reportedly found in Pantene Pro-V Nature Fusion products.

"Reasonable consumers, including Plaintiff, purchased the Products based upon their belief that they are natural," McGinity contends in his Pantene Pro-V Nature Fusion class action lawsuit.

"However, a reasonable consumer would not deem the Products natural if he/she knew that they contained synthetic, highly processed and/or non-natural ingredients."

Despite these unnatural ingredients, Pantene Pro-V products are allegedly marketed with "nature" representations. McGinity argues that "nature" statements are reasonably understood by consumers to mean that the products contain "natural" ingredients.

McGinity notes that misrepresentations about the product's "natural" ingredients had a significant impact on consumer purchasing decisions. In fact, a recent consumer survey reportedly found that more than 75% of consumers were deceived by Pantene Pro-V representations that the products contained natural ingredients despite these representations being false.

Allegedly, Procter & Gamble knows that consumers will be misled by their product representations and intentionally markets their Nature Fusion line in a deceptive way.

"Defendant's claims pertaining to the natural qualities of the Products are false, misleading, designed to deceive consumers into paying a price premium for the Products, and designed to mislead reasonable consumers into selecting Defendant's Products over other competing [personal care products]," the Pantene Pro-V class action lawsuit contends.








Insurance Policyholders Were 'Cheated'

Irwin Industries Settles Workers' Class Action Lawsuit for $400K

McGinity says that he and other consumers were financially injured by this misleading representations because they were deceived into paying a higher price for the products than they otherwise would have.

In some cases, consumers would have allegedly not purchased the products at all if they had known the truth.

The plaintiff seeks to represent a Class of Californians who purchased Pantene Pro-V Nature Fusion products since June 5, 2016.

Although the exact number of Class Members is unknown, McGinity argues that there could be thousands of consumers included in the proposed Class.

On behalf of himself and the proposed Class, McGinity seeks restitution, disgorgement, compensatory damages, punitive damages, interest, court costs, and attorneys' fees. He also seeks injunctive relief requiring Procter & Gamble to cease their deceptive marketing.

*Did you purchase Pantene Pro-V products? Did you think the products were natural? Share your experiences in the comment section below.*

McGinity and the proposed Class Members are represented by Michael R. Reese, Sue J. Nam, and George V. Granade of Reese LLP and Spencer Sheehan of Sheehan & Associates.

The **Pantene Pro-V Nature Fusion Class Action Lawsuit** is *Sean McGinity v. The Procter & Gamble Company*, Case No. 4:20-cv-08164-KAW, in the U.S. District Court for the Northern District of California.

**Don't Miss Out!**

**Check out our list of Class Action Lawsuits and Class Action Settlements you may qualify to join!**



# Chobani Class Action Lawsuit Says Yogurt Is Mislabeled

By Christina Davis
October 27, 2020

FOLLOW ARTICLE   f 78   8   46   ESPAÑOL

**TOP INVESTIGATIONS**


Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit

Do You Qualify: Human Sex Trafficking Lawsuit—Joining the Fight



The vanilla content of Chobani Greek Yogurt is misrepresented, according to a class action lawsuit that alleges consumers pay more for the product as a result.

Lead plaintiff Elena Nacarino says Chobani Inc. falsely advertises its vanilla-flavored yogurt by including "the unqualified, prominent, and conspicuous representation of 'Vanilla'" on the product's packaging, as well as pictures of the vanilla flower and bean.

The plaintiff says that, contrary to Chobani's representations, the yogurt is not solely flavored with the vanilla bean. Instead, the manufacturer "spikes" the vanilla flavor with "other inferior flavoring."

Nacarino claims that she was in search of vanilla yogurt that was flavored using only the bean. She says she relied on representations on Chobani's yogurt when making her purchase. However, these representations allegedly turned out to be false.

## SPONSORED SETTLEMENTS

 Roundup® Weed & Grass Killer Product Label Class Action Settlement

 Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

## TOP NEWS

 PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit

 Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations

 MedMen Workers Reach Nearly $1M Class Action Settlement

 P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit

 Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

 Roundup® Weed & Grass Killer Product Label Class Action Settlement

 AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'

"Unfortunately for consumers, the Vanilla Representations on the Product is false and misleading," the class action lawsuit states. "Specifically, scientific testing of the Product revealed that the vanilla flavoring of the Products does not come exclusively from the vanilla bean."

According to the complaint, the yogurt cup also includes the following statement: "Carried from some far-off, exotic place, where a little flower became a little bean. And that little bean, suspended and unremarkable, the cloak that conceals the magic within. Flavor like perfume, folded up in earthen envelopes, rich and warm and wonderful. Entirely vanilla, gently opening like the blossom that began it all."

The plaintiff alleges that she and other consumers relied on these poetic representations of the vanilla bean when purchasing the vanilla flavor of Chobani Greek Yogurt.

Nacarino says had she and others known the product's vanilla flavor was not



exclusively derived from the vanilla bean, they would not have purchased it or paid as much for it.

"Consumers want the vanilla in vanilla flavored products to come from a real source, i.e., from vanilla beans from the vanilla plant," the class action lawsuit states. "Unfortunately, vanilla fraud is rampant. As in this case, companies adulterate their purported vanilla flavored products with cheap synthetics and/or substitutes in order to reap even larger corporate profits from consumers."

Chobani vanilla yogurt includes synthetic vanilla flavoring called vanillin, the complaint contends. Products that include vanillin should not be represented as flavored with real vanilla under Food and Drug Administration (FDA) rules, the plaintiff argues.

"In order to combat this vanilla fraud, the FDA has strict rules regarding use of the term 'Vanilla' on the labels of food products," the class action lawsuit points out. "If the vanilla flavor comes in any part from non-vanilla bean sources, the FDA mandates that the label must so inform consumers."

Nacarino says Chobani fails to properly inform consumers that its product contains synthetic vanilla flavoring.


Irwin Industries Settles Workers' Class Action Lawsuit for $400K

Further, Chobani's allegedly false marketing is not an accident, the class action lawsuit asserts.

"The Product costs more per ounce at stores compared to other similar vanilla-flavored yogurt products that lack the Vanilla Representations," points out the complaint, "By engaging in its misleading and deceptive labelling, Defendant reaped and continues to reap increased sales and profits."

The plaintiff seeks to represent Californians who purchased vanilla-flavored Chobani yogurt since Oct. 23, 2016. The plaintiff is seeking compensatory and punitive damages, restitution and disgorgement of profits and a court order requiring Chobani to change the marketing of its vanilla yogurt.

*Have you purchased Chobani Greek Yogurt? What do you think of the class action lawsuit claims? Tell us in the comment section below.*

The lead plaintiff and proposed Class Members are represented by Michael R. Reese, George V. Granade and Sue J. Nam of Reese LLP, and Spencer Sheehan of Sheehan & Associates PC.

The **Chobani Greek Yogurt False Advertising Class Action Lawsuit** is *Nacarino v. Chobani LLC*, Case No. 3:20-cv-07437-TSH, in the U.S. District Court for the Northern District of California.

## Don't Miss Out!

**Check out our list of** Class Action Lawsuits and Class Action Settlements **you may qualify to join!**

Read About More Class Action Lawsuits & Class Action Settlements:

- Celebrate Halloween Safely During COVID-19 with These Tips
- Class Action Lawsuit Alleges Maxwell House Coffee Advertised Servings Aren't Accurate
- Hackensack Meridian Health Sued Because of Hospital Ransomware Attack
- Sex Trafficking Survivor Appointed to U.S. Advisory Council on Human Trafficking



We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email *

Email

Country *

United States

SUBSCRIBE NOW

# Coca-Cola Class Action Says Soda Lacks Vanilla

FOLLOW ARTICLE | f 127 | y 25 | 64

By Steven Cohen
July 3, 2020

## TOP INVESTIGATIONS


Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex

The **Coca-Cola Company has been hit with a class action lawsuit** by a consumer who claims that the beverage company's Vanilla Coke does not contain real vanilla.

Steven Gil says that the front label representations on the product include "Vanilla," "Coca-Cola," and "Vanilla Flavored & Other Natural Flavors." He states that these representations are misleading because although the characterizing flavor is represented as vanilla, the vanilla taste is not exclusively from vanilla, but artificial flavors.

Gill says that he purchased Vanilla Coke at grocery stores and convenience stores near his Bronx, New York residence and that he bought the product because he expected its vanilla flavors not to be enhanced by artificial flavors.



Trafficking Lawsuit—Joining the Fight

## SPONSORED SETTLEMENTS

Roundup® Weed & Grass Killer Product Label Class Action Settlement



Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement



## TOP NEWS

PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit



Man Files Lawsuit Against Target and Family Dollar Alleging ADA Violations



MedMen Workers Reach Nearly $1M Class Action Settlement



P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit



Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

Gil states in his Coca-Cola class action lawsuit that recreating the complexity and richness of "vanilla flavor" provided by vanilla beans is a task science has been unable to duplicate, which is why consumers are willing to pay more for products labeled solely with the term "vanilla".

The plaintiff maintains that, due to the widespread fraud of vanilla products, vanilla became the only flavor for which a standard identity was established to "insure, for the protection of both the consumers and our industry, that all vanilla products are correctly labeled and meet at least minimum standards."

As such, vanilla regulations require that, when a product is labeled as vanilla, the addition of non-vanilla flavors that increase and promote a vanilla taste are required to be declared as artificial flavors, so consumers are not misled, the plaintiff goes on to say.

In addition, Gil says that where a product is flavored with a combination of vanillin (non-vanilla) and vanilla, it must inform consumers that it contains vanillin, an artificial flavor, on the ingredient list and front label. He says that the amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the product and consumers do not expect artificial vanilla flavors.

Gil goes on to state that the ingredient list declaration of "natural flavor" fails to tell consumers that a small amount of vanilla is present and that the vanilla taste is from artificial vanilla flavors. He claims that he relied on the statements, omissions, and representations of Coca-Cola and that the company knew or should have known that their representations were false.

"The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product and consumers do not expect artificial vanilla flavors," the Coca-Cola class action lawsuit states.

Gil argues that the presence of non-vanilla artificial flavors is not disclosed on the Vanilla Coke front label or ingredient list, which is deceptive, misleading, and in violation of law.

Roundup® Weed & Grass Killer Product Label Class Action Settlement



AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'



Irwin Industries Settles Workers' Class Action Lawsuit for $400K



The Coca-Cola class action lawsuit asserts that everyday consumers cannot be expected to know intricate labeling regulations for vanilla ingredients, which makes the defendant's representation of "Other Natural Flavors" deceptive and misleading. Gil also says that a reasonable consumer cannot follow up or learn the truth that the product contains non-vanilla artificial flavors from



reading the product's ingredient list because Coca-Cola labels this combination as "Natural Flavor."

"Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers," the Coca-Cola class action lawsuit goes on to state.

Gil explains that Coca-Cola sold more of the product at higher prices than it would have in the absence of this misconduct, which resulted in additional profits at the expense of consumers.

Had Gil and Class Members known the truth, they would not have purchased Vanilla Coke or would have paid less for it, the plaintiff states. However, Gil says that he would purchase the product again if assured it did not contain vanilla-enhancing ingredients in addition to vanilla and if the product was labeled in a non-deceptive manner.

He claims that he is currently unable to rely on the Coca-Cola product's label and would be unable to do so in the future. However, Gil says he would rely on the product labeling if the product is reformulated or the label is changed to truthfully disclose its contents.

"Plaintiff and Class Members desired to purchase and consume products which were as described and marketed by the defendant and expected by reasonable consumers, given the product type," Gill states in his Coca-Cola class action lawsuit.

Gil argues that Coca-Cola had a duty to disclose and provide non-deceptive marketing of the product and knew or should have known that the representations were misleading.

Common questions of law and fact in the Coca-Cola class action lawsuit include whether the defendant's representations were and are misleading and if the plaintiff and class members are entitled to damages.

*Did you purchase Vanilla Coke thinking that it contained real vanilla? Leave a message in the comments section below.*

The plaintiff is represented by Spencer Sheehan of Sheehan & Associates and Michael R. Reese of Reese LLP.

The **Coca-Cola Vanilla Class Action Lawsuit** is *Steven Gil v. The Coca-Cola Company,* Case No. 1:20-cv-05064, in the U.S. District Court for the Southern District of New York.

**Read More Lawsuit & Settlement News:**

Palm Beach Residents Sue Over Face Mask Order

Working From Home? Coronavirus Telecommuting Introduces New Possibilities for Wage and Hour Violations

Denver Police Sued Again Over Alleged Attacks on Protesters

Do You Need a Car Dealership Lawyer for TCPA Violations?

**Don't Miss Out!**

Check out our list of Class Action Lawsuits and Class Action Settlements you may qualify to join!

We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email*

Email

Country*

United States

SUBSCRIBE NOW

ATTORNEY ADVERTISING

Top Class Actions is a Proud Member of the American Bar Association

LEGAL INFORMATION IS NOT LEGAL ADVICE

Top Class Actions Legal Statement

©2008 – 2021 Top Class Actions® LLC

Various Trademarks held by their respective owners

This website is not intended for viewing or usage by European Union citizens.

# Straight Up Tea Class Action Says 'Sorta Sweet' Claims Misleading

By Steven Cohen
June 26, 2020

FOLLOW ARTICLE

ESPAÑOL

TOP INVESTIGATIONS

Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit




A class action lawsuit has been filed against Keurig Dr Pepper Inc. by a consumer who claims the company's Straight Up Tea, purporting to be "Sorta Sweet," has a high sugar content.

Robbin Sommer of California says she purchased Straight Up Tea at a Safeway in June 2019. She claims she relied on the "Sorta Sweet" representation when she purchased the product and believed it would be low in sugar.

Sommer states she would not have purchased the tea if she had known it was actually high in sugar. She explains that she would buy the tea again in the future if the product was remedied to reflect Keurig Dr Pepper's labeling and marketing claims.



Trafficking Lawsuit—Joining the Fight

## SPONSORED SETTLEMENTS




Roundup® Weed & Grass Killer Product Label Class Action Settlement

Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

## TOP NEWS



PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit



Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations



MedMen Workers Reach Nearly $1M Class Action Settlement



P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit

"Keurig Dr Pepper falsely and misleadingly markets the Products to consumers as being 'Sorta Sweet' and low in sugar as those terms are generally understood," Sommer says in the Straight Up Tea class action lawsuit.

The plaintiff also notes Keurig Dr Pepper charges a premium for the product on account of its false and misleading representations regarding low sugar content, including "Sorta Sweet."

At least in part due to the growing consumer awareness of health problems caused by excessive sugar consumption, in recent years, consumers have shown a distinct preference for products with little or no added sugar, Sommer says.

In addition, low-sugar products are generally marketed toward consumers seeking products useful in "weight control" through the consumption of fewer calories, Sommer says. She points to a scientific paper that states reasonable consumers "clearly link sugar to calories and therefore expect a reduction in sugar content to deliver a reduction in calorie content."

The Straight Up Tea class action lawsuit also points out that because "low sugar" and "low added sugar" claims have never been authorized, they are prohibited. In fact, the U.S. Food and Drug Administration has issued warning letters to companies making "low sugar" claims, the plaintiff notes.

Sommer maintains that the term "sorta" is a synonym for "low," which is why "Sorta Sweet" gives consumers the impression that the tea is low in sugar.

In fact, sugar is the second most prominent ingredient in the tea by weight, greater even than the amount of tea, Sommer argues.

   

Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

Roundup® Weed & Grass Killer Product Label Class Action Settlement

AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'

Irwin Industries Settles Workers' Class Action Lawsuit for $400K

"Consumers will not expect a product represented as 'Sorta Sweet' to have 22 grams of added sugar, as indicated is present in the Product on the Product Nutrition Facts panel," the Straight Up Tea legal news states.

Even though the nutrition facts tell consumers the 18.5 ounces of the tea provide 43% of the daily value of added sugar, they are not told whether this amount is low, medium or high, Sommer says.



claims.

Contrary to the claims that the tea is low in sugar, the product is high in sugar and "pose[s] a specific risk of harm to consumers seeking to lower their sugar consumption, including those with diet-related diseases, such as Type 2 diabetes," Sommer says.

Keurig Dr Pepper's branding and packaging of the tea is designed to, and does, deceive, mislead and defraud consumers, Sommer states. She says that when she purchased the product, she sought a product that was low in sugar, as represented by the front label of the tea.

The Straight Up Tea class action lawsuit claims she read and relied on the defendant's false and misleading product name (i.e. "Sorta Sweet"), statements and claims in its labeling and advertising of the products. She also says she relied on the statements of the tea packaging, which emphasize the product is "Sorta Sweet" even though the tea is high in sugar.

"Defendant has sold more of the Products, at higher prices per unit, than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers," the plaintiff maintains.

Sommer also alleges that the value of the product that she purchased and consumed was materially less than the value as represented by Keurig Dr Pepper. She says she lost money as a result of the defendant's deception in that she did not receive what she paid for.

Common questions of law and fact in the Keurig Dr Pepper class action lawsuit include: whether Keurig Dr Pepper contributed to, committed or is responsible for the conduct alleged; whether Keurig Dr Pepper acted willfully, recklessly and negligently in committing the violations of law alleged; and whether the putative Class Members are entitled to injunctive relief.

Prospective Class Members include "all persons who have purchased the 'Sorta Sweet' Straight Up Tea beverage for their own use, and not for resale, in California, at any time from June 25, 2016, to time of trial."

*Did you purchase Keurig Dr Pepper's Sorta Sweet Straight Up Tea thinking it was low in sugar? Leave a comment below.*

The plaintiff is represented by Michael R. Reese and George V. Granade of Reese LLP and Spencer Sheehan of Sheehan & Associates.

The **Straight Up Tea "Sorta Sweet" Class Action Lawsuit** is *Robbin Sommer v. Keurig Dr Pepper*, Case No. 4:20-cv-04181, in the U.S. District Court for the Northern District of California.

**Read More Lawsuit & Settlement News:**

Strange Honey Class Action Says It Contains Filler Ingredients

Robert Irvine's Fit Crunch Bars Contain Hidden Sugar, Class Action Says

Hackensack Meridian Health Sued Because of Hospital Ransomware Attack

OxyCide Lawsuit Claims Hospital Disinfectant Is Hazardous to Health

We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email *

Email

Country *

United States

SUBSCRIBE NOW

ATTORNEY ADVERTISING

Top Class Actions is a Proud Member of the American Bar Association

LEGAL INFORMATION IS NOT LEGAL ADVICE

Top Class Actions Legal Statement

©2008 - 2021 Top Class Actions® LLC

Various Trademarks held by their respective owners

This website is not intended for viewing or usage by European Union citizens.

# Ruffles Class Action Says Chips are Artificially Flavored

By Brigette Honaker
March 3, 2020

FOLLOW ARTICLE

f 39 | 8 | ✉ 19 | ...

ESPAÑOL

**TOP INVESTIGATIONS**


Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation


Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit

Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex Trafficking Lawsuit—Joining the Fight

A recent class action claims that **Frito-Lay's** Ruffles chips have misleading labels and are flavored with artificial ingredients.

According to plaintiff Oscar Ithier, the Ruffles chips are routinely misrepresented. Specifically, Ithier claims that Ruffles Cheddar and Sour Cream chips are advertised in a deceptive way.

Cheddar cheese is a complex mixture of tastes, which Ithier describes as a "sharp, pungent flavor," while also having a "buttery and milk taste."



Scientists have reportedly narrowed down the unique flavor of cheddar cheese, and contribute the complex profile to its fatty acids, butyl alcohol, carbonyls, diacetyl, and acetoin content.

Rather than honor the complex flavors found in cheddar cheese, Frito-Lay allegedly attempts to pass their Cheddar and Sour Cream Ruffles off as high-quality by reinforcing these flavors with artificial flavoring.

According to Ithier, the Ruffles chips include cheddar cheese and sour cream but these flavors are not the only flavoring in the products. Allegedly, the ingredient list includes "Natural and Artificial Flavor" which reinforces the characterizing flavor.

Despite the presence of additional flavorings, these ingredients aren't reportedly noted on the product labeling. Instead, the front of the products include "Cheddar & Sour Cream" statements along with images of cheddar cheese and sour cream.

Ithier's Ruffles class action lawsuit claims that, although the labeling includes a "flavored" statement, the presence of artificial flavoring is not indicated as required by federal law.

## SPONSORED SETTLEMENTS



Roundup® Weed & Grass Killer Product Label Class Action Settlement



Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

## TOP NEWS



PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit



Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations



MedMen Workers Reach Nearly $1M Class Action Settlement



P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit



Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

He claims that federal law requires "any artificial flavor which simulates, resembles or reinforces the characterizing flavor" to be identified clearly on the front label with the flavor designation.

For example, a properly labeled chip product would allegedly include "Artificially Flavored Cheddar & Sour Cream" on the front labeling.

Ithier argues that the products are intentionally misrepresented by Frito-Lay in order to entice consumers into purchasing the Ruffles chips. Allegedly, consumers are more likely to purchase products that are not indicated to contain artificial flavoring.

"Defendant knows consumers will pay more for the Product because the label does not state 'artificially flavored,'" the Ruffles class action lawsuit claims. "Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud consumers."

The Ruffles class action claims that Ithier and other consumers were financially injured by Frito-Lay's conduct because they were deceived into purchasing the products or paying a higher price for the chips than they otherwise would have.

"Defendant has sold more of the Product and at higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers," Ithier argues in his Ruffles class action lawsuit.

*Did you purchase Ruffles chips believing the snack was flavored without artificial flavorings? Let us know in the comments section below.*

Ithier and the proposed Class are represented by Spencer Sheehan of Sheehan & Associates PC and Michael R. Reese of Reese LLP.

The **Ruffles Flavoring Class Action Lawsuit** is *Ithier v. Frito-Lay North America Inc.*, Case No. 7:20-cv-01810, in the U.S. District Court for the Southern District of New York.

Roundup® Weed & Grass Killer Product Label Class Action Settlement



AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'



Irwin Industries Settles Workers' Class Action Lawsuit for $400K



Read More Lawsuit & Settlement News:

Carter's Class Action Claims Ongoing Fake Sale

Ocean Spray Artificial Flavors Class Action Settlement

What Diabetes Medication Causes Flesh Eating Bacteria Infections?

How Long Does it Take for Dilantin Levels to Drop?



We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

Email *

Email

Country *

United States

SUBSCRIBE NOW

ATTORNEY ADVERTISING

Top Class Actions is a Proud Member of the American Bar Association

LEGAL INFORMATION IS NOT LEGAL ADVICE

Top Class Actions Legal Statement

©2008 - 2021 Top Class Actions® LLC

Various Trademarks held by their respective owners

This website is not intended for viewing or usage by European Union citizens.

# Jamba Juice Class Action Challenges 'Healthy' Smoothie Claims

By Brigette Honaker
August 24, 2018

FOLLOW ARTICLE

f 61   🐦 2   ✉ 0   •••






Jamba Juice, a popular smoothie retailer, faces a class action lawsuit from consumers alleging that the company misleads its customers about the "healthy" nature of their smoothie products.

Plaintiffs Teri Turner and David Lundquist recently filed the Jamba Juice class action claiming that the smoothie store wrongfully portrays that their drinks are healthy and contain real fruits and "super ingredients."

Turner and Lundquist are customers of Jamba Juice who say they relied on Jamba Juice's advertisements and marketing when purchasing drinks.

The Jamba Juice smoothies class action lawsuit claims both plaintiffs believed representations that the beverages were healthy and free of additives, and that they paid a premium price based on these representations.

Turner and Lundquist argue that they were financially injured due to the allegedly false portrayals and they would not have paid a premium for their Jamba Juice smoothies had they known the truth.

Jamba Juice allegedly markets their "whole fruit and vegetable smoothies" as healthy and nutritious, claiming that the drinks will "[r]ejuvenate your body with . . . healthy goodness" and "help you be the best version of yourself."

Through advertising and marketing, Jamba Juice smoothies are portrayed as containing real fruit and veggies. However, Turner and Lundquist claim that this portrayal is deceptive and false, and that the company's smoothies contain cheaper, non-natural ingredients.

TOP INVESTIGATIONS


Do You Qualify: Zicam Cold Remedy Products Class Action Lawsuit Investigation


Do You Qualify: Nokia Stock Loss Lawsuit Investigation


Do You Qualify: AMC Stock Loss Lawsuit Investigation


Do You Qualify: GameStop Stock Loss Lawsuit Investigation

Do You Qualify: Florida College Fees Refund Class Action Lawsuit Investigation


Do You Qualify: Defective Implantable Cardioverter Defibrillator | Boston Scientific S-ICD Recall Lawsuit


Do You Qualify: American Journey & Zignature Dog Food False Advertising Class Action Lawsuit


Do You Qualify: Human Sex Trafficking Lawsuit—Joining the Fight

**SPONSORED SETTLEMENTS**


Roundup® Weed & Grass Killer Product Label Class Action Settlement


Naan Bread Class Action Lawsuit Reaches Nearly $1.9M Settlement

**TOP NEWS**


PS5 DualSense Drift Under Investigation for Potential Class Action Lawsuit


Man Files Lawsuits Against Target and Family Dollar Alleging ADA Violations


MedMen Workers Reach Nearly $1M Class Action Settlement


P.F. Chang's 'Krab Mix' Class Action Lawsuit Revived in Ninth Circuit


Google, Facebook, Amazon Antitrust Class Action Lawsuit Targets Digital Ads

In their Jamba Juice class action, Turner and Lundquist say that the smoothie shop substitutes their advertised whole ingredients for cheaper, less nutritious options. Instead of whole fruits and vegetables, Jamba Juice allegedly uses juice, juice concentrates and sherbet in their smoothies.

Instead of the advertised "super ingredients" such as kale, Jamba Juice reportedly uses cheaper ingredients. Additionally, the Jamba Juice class action claims that the smoothies contain additives and added sugars despite advertising the opposite.

"Jamba Juice's labeling and marketing practices deceive consumers about the true ingredients, benefits, and/or nutritional profile of the Smoothies," the plaintiffs claim. "Jamba Juice Smoothies typically include non-whole, cheaper, and/or nutritionally distinct, and inferior, predominant ingredients."

Turner and Lundquist argue that Jamba Juice takes advantage of the widespread interest in healthy food options by portraying their sub-par smoothies as healthy and nutritious.

"Jamba Juice's marketing and labeling of its Smoothies is likely to deceive reasonable consumers about their ingredient and nutritional profile. Jamba Juice either knew or reasonably should have known that the claims in the marketing, advertising, and labeling of the Smoothies were likely to deceive reasonable consumers," plaintiffs argue in their Jamba Juice class action.

Turner seeks to represent a California Class of consumers who purchased Jamba Juice smoothies since Aug. 24, 2014. Lundquist seeks to represent a similar Class of New York consumers who purchased Jamba Juice smoothies since Aug. 24, 2012.

The Jamba Juice class action lawsuit seeks injunctive relief, statutory damages, compensatory damages and other monetary damages, punitive damages, court costs, and attorneys' fees.

Plaintiffs are represented by Maia C. Kats and Matthew B. Simon of the Center for Science in the Public Interest; and Michael R. Reese and George V. Granade of Reese LLP.

Roundup® Weed & Grass Killer Product Label Class Action Settlement

AmGen Class Action Says Life Insurance Policyholders Were 'Cheated'

Irwin Industries Settles Workers' Class Action Lawsuit for $400K

The Jamba Juice Smoothies Class Action Lawsuit is *Turner, et al. v. Jamba Inc., et al.,* Case No. 3:18-cv-05168, in the U.S. District Court for the Northern District of California.

# We tell you about cash you can claim EVERY WEEK! Sign up for our free newsletter.

**Email** *

Email

**Country** *

United States

**SUBSCRIBE NOW**

ATTORNEY ADVERTISING

Top Class Actions is a Proud Member of the American Bar Association

LEGAL INFORMATION IS NOT LEGAL ADVICE

Top Class Actions Legal Statement

©2008 - 2021 Top Class Actions® LLC

Various Trademarks held by their respective owners

This website is not intended for viewing or usage by European Union citizens.