Amy M. Hoffman (SBN 022762)
Laura C. Martinez (SBN 031486)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Tel:  602-795-0789
awilkins@wilkinslaw.net
lmartinez@wilkinslaw.net

Attorneys for Top Class Actions, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: BA Sports Nutrition, LLC, Litigation<br><br>Case No. 3:20-cv-00633-SI<br><br>Northern District of California | Case No. 2:21-mc-00001-GMS<br><br>**MOTION TO TRANSFER VENUE** |

Non-party Top Class Actions, LLC ("TCA"), pursuant to Rule 45(f), Fed. R. Civ. P. and 28 U.S.C. § 1407(b), respectfully moves this Court to transfer this action to the United States District Court for the Northern District of California.

## BACKGROUND

**A.  The Northern District of California Lawsuit**

Plaintiffs filed a class action complaint against Defendant Body Armor on January 28, 2020, alleging that BodyArmor violates consumer protection laws by with false, deceptive, and unlawful marketing. Specifically, Plaintiffs alleged that Body Armor falsely claimed it provided "superior" hydration to consumers and that it is "more natural" hydration, whereas BodyArmor beverages actually are a "dressed-up soda masquerading as a healthy drink" with "36 grams of sugar" in a 16-ounce serving.

Defendant Body Armor retained the California firm of Braun Hagey & Borden, a firm that markets its aggressive litigation strategies. This firm lived up to its marketing by issuing a subpoena to the Plaintiffs' counsel's law firm. In granting the motion to quash, Judge Sarah Illston described the tenor of the litigation to date: "Notwithstanding the fact that the Court previously admonished counsel not to engage in ad hominem attacks or to use vitriolic language in briefing, see Dkt. No. 57, counsel have nevertheless continued to lard their briefing with invective." The court granted the motion to quash, finding that defendant had not shown that no other means existed to obtain the information." (*See* Case No. 3:20-cv-00633 Doc. 71.)

Again demonstrating its aggressive tactics, Defendant filed a motion for sanctions after the deposition of a named plaintiff—Defendant asked for the dismissal of Plaintiffs' case, fees, and an adverse inference of witness tampering and obstruction of justice. (*See* Case No. 3:20-cv-00633 Doc. 85.) Apparently, Defendant sought this extreme remedy because the named plaintiff had to cut his deposition short because he was ill, and even though plaintiffs' counsel offered to reset the deposition. (*See* Case No. 3:20-cv-00633 Doc. 88.) The court has not yet ruled on this motion.

**B.  Body Armor's Subpoena to TCA**

Body Armor has now turned its attention to third parties. On November 30, 2020, Body Armor caused a Subpoena (to produce documents) to be issued out of the Northern District of California to TCA.

TCA operates a website called topclassactions.com. It runs articles and attorney advertising regarding various class actions to alert potential class members or settlement class members of pending lawsuits. Potential class members may sign up on the website and provide information to be provided directly to Plaintiffs' counsel for purposes of evaluating their claims. (See Doc. 4, Response to Motion to Compel.)

On January 14, 2021, Body Armor initiated this miscellaneous case, moving to compel responses to its Subpoena. Specifically, Body Armor sought to compel the

production of documents related to, among other things, copies of any form submission submitted to Plaintiffs' counsel through topclassactions.com.

Top Class Actions initially responded to the motion to compel, but after consultation and review, decided to avoid further litigation and produce the requested documents. Top Class Actions' counsel called Defendant's counsel, and stated Top Class Actions would be willing to stipulate to an extension of time for Defendant's reply such that it could review the sufficiency of the production. The parties then filed a stipulation for extension of time.

The whole purpose of the stipulation to extend time was to give counsel a chance to review the document production and follow up if it had questions. Importantly, Body Armor's counsel ***has never reached out to counsel for Top Class Actions to state the production was insufficient.*** Instead, counsel filed a reply to the motion to compel even though Top Class Actions had already complied with the subpoena. All Body Armor states about Top Class actions' compliance is that TCA "did not explain whether its production comprised all customer responses or all documents responsive to Body Armor's request." Counsel never asked.

### C. Body Armor's Request to Depose Top Class Actions' Representative

Instead of reaching out about the document production, counsel for Body Armor called to request the deposition of a representative of Top Class Actions. Top Class Actions will file a motion for protective order. All it did was run some articles about the litigation and collect form information, which has been produced; it has nothing relevant to say about whether Body Armor's drinks are healthy hydration or cleverly marketed sugary sodas.

After receiving the reply to the motion to compel with no meeting and conferring about an insufficient production, and after receiving notice that Body Armor wants a deposition, it is apparent that the judge in the Northern District of California, who is most familiar with the litigation and prior discovery issues (especially the contentious nature of these discovery issues), should resolve disputes between Body Armor and Top Class Actions. Top Class Actions does not believe a deposition is necessary or relevant and will

be unduly burdensome. As such, Top Class Actions has filed this motion asking the Court to transfer this case to the Northern District for resolution by Judge Sarah Illston; Judge Illston can decide the motion to compel and the motion for protective order.

## ARGUMENT

**I.  The Court Should Transfer or Refer this Matter Directly to the Northern District of California Pursuant to Federal Rule of Civil Procedure 45(f)**

TCA requests that the Court transfer this matter directly to the Northern District of California for adjudication in accordance with Rule 45(f) of the Federal Rules of Civil Procedure.

Body Armor initiated this miscellaneous case by filing a Motion to Compel against TCA pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 1.) Rule 45(f) authorizes this Court to transfer this action directly to the Northern District of California. Rule 45(f) states, in pertinent part:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f). Rule 45(f) thus concerns the transferring of a subpoena-related motion, including (as here) a motion to compel the production of documents pursuant to a subpoena, from the court where compliance is required (this Court) to the issuing court (the Northern District of California). Fed. R. Civ. P. 45(f); *see also Cellular Comms. Equipment, LLC v. HTC Corp.*, No. 15-cv-2373-JAH-MDD, 2015 WL 1250944, *1 (S.D. Cal. Dec. 16, 2015) (transferring motion to compel subpoenaed documents pursuant to Rule 45(f) to the court where the underlying action was pending); *Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 427-430 (N.D. Cal. July 10, 2014) (transferring motion to compel to District of Arizona).

Top Class Actions consents to the transfer, and, in fact, requests the transfer. Under Rule 45(f), transfer is permissible when either "the person subject to the subpoena consents"

or "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *Venus Medical Inc. v. Skin Cancer & Cosmetic Dermatology Center, PC*, No. 15-mc-00062, 2016 WL 159952, *2 (D. Ariz. Jan. 14, 2016). The transfer of this action is authorized under Rule 45(f) on the basis of TCA's consent alone. *See, e.g., Moon Mountain Farms, LLC*, 301 F.R.D. at 428.

Because TCA consents to the transfer of this action to the Northern District, the Court need not consider whether exceptional circumstances warranting transfer are present here. Nevertheless, exceptional circumstances exist, and their existence forms an independent basis for the Court to transfer this matter to California under Rule 45(f). As the Advisory Committee Note explains: "In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." Fed. R. Civ. P. 45(f), advisory committee notes; *Venus Medical Inc.*, 2016 WL 159952, at *2; *Chem-Aqua, Inc. v. Nalco Co.*, No. 2014 WL 2645999, *1 (N.D. Tex. June 13, 2014).

The Advisory Committee Note to Rule 45(f) identifies four non-exhaustive examples of exceptional circumstances: (1) consent by a nonparty and opposition from a party in the action attempting some type of mid-case forum shopping; (2) an issue in the subpoena-related motion that already has been presented to the issuing court or bears significantly on its management of the underlying action; (3) a risk of inconsistent rulings on subpoenas served in multiple districts; and (4) overlapping issues between the subpoena-related motion and the merits of the underlying action. 9A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1; *see also* Fed. R. Civ. P. 45, Advisory Committee Notes.

District courts have found exceptional circumstances to exist in a number of different contexts. For example, in *Moon Mountain Farms*, 301 F.R.D. at 429-430, the court found exceptional circumstances and transferred pursuant to Rule 45(f) to avoid any attempt to circumvent the authority of the presiding judge in the underlying action, to avoid disruption of management of the underlying litigation, and because the transferee court was in a better position to rule due to its familiarity with the issues involved. In *Chem-Aqua, Inc.*, No. 2014

WL 2645999 at *2-3, the court found exceptional circumstances and transferred pursuant to Rule 45(f) to avoid disrupting the issuing court's management of the underlying litigation and to prevent inconsistent outcomes on issues that may arise in discovery in many districts.

As stated above, discovery in the Body Armor litigation has already proved to be contentious. Judge Illston is well aware of the discovery disputes between the parties as well as the merits issues. Given her familiarity with the case, Top Class Actions believe she is best positioned to hear disputes about the sufficiency of Top Class Actions' production or whether Top Class Actions should have to submit to a deposition about how it marketed this case. Judge Illston is already managing the litigation and discovery. Transferring the case to her will avoid any disruption in management of the underlying litigation and allow the court with the most familiarity with the issues to decide the discovery issues presented here.

Last, Top Class Actions anticipates that Body Armor will oppose the transfer given that the motion to compel is fully briefed. But there is likely to be a motion for protective order on the deposition of a Top Class Actions employee that has not been briefed, and Judge Illston can review and decide the motion to compel briefing. This Court has not set or heard oral argument. This motion to transfer is timely.

## CONCLUSION

For the foregoing reasons, this Court should transfer this matter to the Northern District of California for adjudication pursuant to Federal Rule of Civil Procedure 45(f).

RESPECTFULLY SUBMITTED this 12th day of February, 2021.

THE WILKINS LAW FIRM, PLLC

By: /s/ Amy M. Hoffman
Amy M. Hoffman
Laura Martinez
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Phone:  602-795-0789

awilkins@wilkinslaw.net
lmartinez@wilkinslaw.net

*Attorneys for Top Class Actions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

By /s/ Cheryl Hays
Cheryl Hays